JOHN LARRABEE *vs.* JOHN S. WALKER, and MELVIN P. FRANK,
Trustee.

### Cumberland.   Opinion November 22, 1880.

*Trustee service.   Contingent debt.   Drafts.*

When the indebtedness of the trustee to the principal defendant is not absolutely
due, but is contingent, and is to be paid, when due, by drafts payable to the
trustee and indorsed by him to the defendant, the trustee will be discharged.

If the trustee had received the drafts with which he was to pay the defendant
he would not be chargeable, much less is he chargeable when he has received
nothing, and it is contingent whether he ever will.

EXCEPTIONS from superior court, Cumberland county.

The opinion states the case.

*Benjamin F. Chadbourne*, for the plaintiff.

*M. P. Frank*, for the trustee.

APPLETON, C. J.   The alleged trustee is a mail contractor.
He contracted with the defendant to carry the mail on his route,
for which he was to pay him seventy-five dollars per quarter,
provided he should fulfill all the requirements, conditions and
stipulations contained in his contract with the Postmaster General,
and should perform said service faithfully and according to all the
rules, regulations and conditions imposed by the government or
the Postmaster General.   .   .   and he (the trustee)
should receive his pay from government, the defendant to receive
his compensation from moneys to be collected by him from
the various post offices, on the route, on drafts sent him (the
trustee) by the department on said offices.

The defendant has been paid for his services up to October 1,
1877.

By the contract of the trustee with the postoffice department
his payments for services are to be made quarterly—*provided*
the required evidence of service be received by the department.
At the time of the service of the plaintiff's writ, that evidence
had not been received nor had the trustee been paid.

It is contingent whether the required evidence of service will
ever be furnished the department, and if not furnished there is

nothing due the trustee or the defendant. The claim of the defendant against the trustee is contingent. It is not absolutely due. But the trustee is not to be charged where his liability rests upon a contingency. *Davis* v. *Davis & Trustee*, 49 Maine, 282; *Bryant* v. *Erskine & Trustee*, 50 Maine, 296; R. S., c. 86, § 55.

The defendant was to be paid by drafts payable to the trustee and indorsed by him to the defendant and which he was to collect from the various post offices on the route. But by R. S., c. 86, § 55, "no person shall be adjudged trustee by reason of a negotiable bill, *draft*, note or other security drawn, accepted, made or indorsed by him, except in the cases provided in the sixty-third section." But the trustee is not within the exception. If the trustee had received the drafts by which he was to be paid and with which he was to pay the defendant, he would not be chargeable. Much more is he not chargeable when he had received nothing and it is contingent whether he ever will.

*Trustee discharged.*

WALTON, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.